IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGELO QUINTIN DOWNEY,  No. CIV S-04-1725-GEB-CMK-P

    Plaintiff,

  vs.  ORDER

K. PROSPER,

    Defendant.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.-PC. § 1983.  Pending before the court is plaintiff's motion for leave to amend (Doc. 17), filed on January 12, 2006.[1]

       The Federal Rules of Civil Procedure provide that a party may amend his or her pleading ". . . once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Once a responsive pleading is filed, a party's pleadings may only be amended upon leave of court or stipulation of all the parties.  See id.  Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable

---

[1] Defendant's motion to dismiss (Doc. 16), filed on January 3, 2006, will be addressed by separate findings and recommendations issued herewith.

1

relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Because defendant filed a responsive pleading on January 3, 2006 – before plaintiff sought leave to amend – plaintiff properly seeks a court order.  In its entirety, plaintiff's request is as follows:

> I, Angelo Quintin Downey, request leave of this court . . . to amend my complaint # CIV. 04-1725 as to F.R.C.V.P 15.  Amend part will be the Remedies/Reliefs.

Because no proposed amended complaint was provided with the motion, it is impossible for the court to evaluate whether there is any relationship between the proposed amendment to the request for relief and the original complaint.  For example, if plaintiff's amendment sought to add a request for relief against parties not named in the complaint, this condition would not be met.  Therefore, leave to amend will not be granted at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to amend is denied.

DATED:  April 6, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE