IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGELO QUINTIN DOWNEY,         No. CIV S-04-1725-GEB-CMK-P

    Plaintiff,

  vs.                                                        FINDINGS AND RECOMMENDATIONS

K. PROSPER,

    Defendant.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.-PC. § 1983. Pending before the court is defendant's motion to dismiss (Doc. 16), filed on January 3, 2006.[1]

        The question before the court is whether plaintiff exhausted his administrative remedies prior to bringing the instant action. See 42 U.S.C. § 1997e(a). In deciding a motion to dismiss based on failure to exhaust, the court may look beyond the pleadings and decide disputed issues of fact. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). If plaintiff has failed to exhaust, the court should dismiss the unexhausted claim without prejudice to renewal at

---

[1] Plaintiff's motion for leave to amend (Doc. 17), filed on January 12, 2006, is addressed by separate order issued herewith.

1  a later date, following administrative exhaustion.  See id. at 1120.

2  According to documents attached to plaintiff's complaint, and as confirmed by
3  documents attached to plaintiff's response to the instant motion to dismiss, plaintiff raised the
4  following grievance throughout the inmate appeals process:

> It is unlawful for any person firm or corporation to hire employ or allow to be employed or permit to work in or about an establishment any person who performs or practices any occupation regulated under this chapter and is not duly licensed by the board any person violating this section is subject to citation and fine pursuant to section 7406 and is also guilty of a misdemeanor.  See Deerings California Codes Business & Professions 7349.

9  To remedy this grievance, plaintiff sought to have any penalties resulting from failure to comply
10 with prison grooming regulations rescinded.  Plaintiff does not allege that he raised any other
11 grievance.  Therefore, the only claim which has been administratively exhausted is a claim that
12 prison officials violated California law with respect to occupational licensing.

13 As plaintiff asserts, the instant action raises claims based on denial of religious
14 freedom and unjustified harassment resulting from enforcement of prison grooming standards.
15 The gravamen of the action is that the grooming standards, as applied to plaintiff, who is a
16 Rastafarian, violate the federal constitution.  While plaintiff's claim may now be moot in light of
17 recent changes to California's prison regulations concerning grooming and hair length, it is
18 certain that plaintiff's claim is not exhausted.  This action alleges violation of plaintiff's
19 constitutional rights, in particular his right to freedom of religion.  The administrative grievance,
20 in contrast, alleges violation of state law.

21 Because the court concludes that none of plaintiff's claims raised in the instant
22 action is exhausted, it is not necessary to reach defendant's narrower argument that plaintiff fails
23 to state an Eighth Amendment claim.

24 / / /

25 / / /

26 / / /

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion to dismiss be granted;

2. This action be dismissed, without prejudice; and

3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE